UNITED STATES DISTRICT COURT  
NORTHERN DISTRICT OF NEW YORK

INDEX NO: 12 civ 1695  
(Judge Sharpe)  
Chapter 11

In Re WESTERN MOHEGAN TRIBE  
AND NATION OF NEW YORK

BRIEF ON APPEAL  
FROM BANKRUPTCY

Debtor,

U.S. DISTRICT COURT - N.D. OF N.Y.  
FILED  
JAN 02 2013  
AT____ O'CLOCK____  
Lawrence K. Baerman, Clerk  Albany

## OVERVIEW

[1]     The Western Mohegan Tribe and Nation (Western) filed the instant bankruptcy application on the basis of debts claimed chiefly by Neil's Mazel Inc. and the County of Ulster in the Sate of New York. There are other listed creditors. None of the other listed creditors appeared at any hearing or filed any papers.

[2]     Western's position on one of the creditors, Ulster County Acquisitions (Acquisitions), was that Acquisitions was not a legitimate creditor since the judgment upon which Acquisitions claims credit is without value since the promissory note was paid by an investment company to Mr. Nachamie so that Mr. Nachamie would pay Neil's Mazel Inc on behalf of Western and not on behalf of anyone else. Mazel was paid.

[3]     However, Mr. Nachamie, on 2001 Oct 16, used the investment company's money to pay Neil's Mazel on behalf of Bernard Hudja without written, verbal, or non-verbal authorization from or notice to either Chief Roberts or the Tribe's trustee or the late Hon. Conrad B. Duberstein, USBJ EDNY, whose sale orders forbade Ulster County or Neil's Mazel Inc. from disabling Chief Judge Duberstein's Order directing title be transferred to Western without any encumbrance whatsoever when Ulster County and Mazel were paid.

[4]     Western's position with respect to the creditor Ulster County (Ulster) is that Ulster is not a creditor because Ulster is bound by contract to accept $25,000.00 per year in lieu of taxes and is therefore premature in calling itself a creditor as it has been paid far in excess of $25,000. per year.

[5]     Western's position is also that it is a common-law [1]sovereign Indian Tribe and government recognized by the White House, the Dept. of Defense, the Dept. of the Army, the Dept. of the Interior, Congressmen and Senators. For these reasons Western seeks judgment and judicial notice that Ulster and Acquisitions are not creditors of Western under federal tax law [2] and under Indian Law § 7-a of the State of New York. With judicial notice that Western is a common law Indian nation, Western could come out of bankruptcy. No briefs were permitted on any of these issues in the bankruptcy court.

[6]     Hon. Judge Littlefield dismissed Western's application citing:

   [a] Western's Application lacked notice to the court of a bankruptcy case in Illiinois,

   [b] Western has no regular income, business, or employees,

   [c] Western has no prospect for a sale of its assets without contingencies

   [d] No ability to meet its on-going obligations with respect to real property

   [] No ability to reorganize

   [] No Tax id

and the appeal of that decision ensued.

**POLITICAL STANDING OF THE TRIBE TO BE REPRESENTED BY A TRIBAL MEMBER OF THE TRIBE'S CHOOSING**

---

[1] As opposed to BIA recognized

[2] Where Ulster is concerned

[7]     Central to Western's claim that it is entitled to be represented by a tribal member of its own choosing is first, that Western is a common-law, federal-government recognized Native American Indian Tribe and government.

[8]     On information and belief, no previous argument supporting Western's claim as an Indian nation has ever been presented or directly foundated on Holliday v U.S.

[9]     In Holliday v U.S., 70 U.S. 407, 419 the Court plainly stated:

" In reference to all matters of this kind (recognizing Indian Tribes as governments), it is the rule of this court to follow the action of the Executive and other political departments of the government, whose more special duty it is to determine such affairs. If by them those Indians are recognized as a tribe, **this court must do the same.** "

[10] Western has been directly recognized by - the White House Director of Intergovernmental Affairs (through the Presidentially commissioned American Heritage Rivers Initiative) by the Dept. of Defense, the Dept. of the Army, the Dept. of the Interior and by Senators Alphonse M. D'Amato and Daniel Patrick Moynihan, and Congressmen Benjamin A. Gilman and Maurice D. Hinchey (attached).

## EXECUTIVE LETTERS

| | | |
|---|---|---|
| Exhibit 1 | [•] 1998 Oct 07 | White House<br>Assistant to the President<br>Director of Intergovernmental Affairs<br>Mickey Ibarra |
| Exhibit 2 | [•] 1998 Jul 30 | Presidentially Commissioned<br>Designation Event Speech<br>The executive agent of the Department of<br>Defense, Ass. Secretary of the Army Dr.<br>Joseph Westphal<br>Draft Schedule includes Mohegan Nation in" Tribes " |

|  |  |  |
|---|---|---|
|  |  | The Secretary of the Department of the Army, Louis Caldera in attendance |
| Exhibit 3 | [*] 1998 Aug 17 | Congressional Request to Pres. to explicitly reaffirm federal recognition of Western as Tribe<br>Senators D'Amato, Moynihan<br>Congressmen Gilman, Hinchey |
| Exhibit 4 | [*] 1999 Oct 14 | Real Estate Division of the Army Corps of Engineers. Robert W. Hyatt<br>Granting a Right of Entry/Property Right<br>Ancestral Burial Ground Houghtalling Island<br>Acknowledging a 1000 year presence of Mohegans |
| Exhibit 5 | [•] 2001 Jan 11 | The Principal Deputy Assistant of the Secretary of the Army, Ray Clark<br>"our governments"<br>"government to government"<br>"constant alliance from pre-Revolutionary days" |
| Exhibit 6 | [*] 1998 Jan 20 | Department of the Interior<br>Field Supervisor, Sherry W. Morgan<br>" Sachem "<br>" Mohegan Nation " |

[11]   On the basis these correspondences, during a hearing on 2012 Nov 27, the Hon. Dorothy T. Eisenberg, USBC, EDNY, [1] found and acknowledged Western to be recognized by the Executive Branch and other political departments after Posr attached and read from correspondence from, i.e., Mickey Ibarra, Assistant to the President and Director of Intergovernmental Affairs.

[12]   The USBC EDNY's finding and acknowledgment of Western having been federally recognized by the executive branch and other political departments took the form of permitting Posr A. Posr, after vigorous oral argument, to appear for Western, a federally recognized Tribe and document number 157 of In Re Neil's Mazel, 00 - 22010 (dte) memorializes the court's official statement of Posr's appearance for the sovereign Western.

[13]   Lenares v Salazar [3], 12 civ 186 (USDC, EDCa)(2012) quotes the language of Holliday:

"...it is the rule of this court to follow the action of the executive and other political departments of the government whose more special duty it is to determine such affairs."

[14]   Lenares goes on to cite Miami Nation, 255 F.3d 342, 347, which quotes William C. Canby's American Indian Law in a Nutshell 5 (3d ed. 1998), for the proposition that:

" ...the action of the federal government in recognizing or failing to recognize a tribe has traditionally been held to be a political one not subject to judicial review."

[15]   Ulster fails to notice the court that Ulster was right there in the courtroom on 2012 Nov 27, arguing against Posr's representation of Western when the USBC EDNY heard all arguments, including Ulster's, and granted Posr's application to appear for Western on the basis of Western's federal recognition by the President and executive branch departments of defense, Army, and Interior, yet Ulster's Memorandum of Law to this court, dated: 2012 Dec 07, supporting the dismissal of Western's appeal states:

"..there has never been a determination that WMTN is a sovereign Indian tribe."

[16]   Ulster fails to account for or contradict that the USBC EDNY permitted Posr to appear for Western as a federally recognized Tribal Indian government. Ulster had the letter from Ray Clark, Principal Deputy Assistant Secretary of the Army, attached to Western's moving papers to reopen the bankruptcy case to hold contemnors in contempt and Ulster still failed to void, contradict, diminish, downplay or invalidate Deputy Clark's use of the words "our governments" and "government-to-government dealings".

---

[3] wherein a tribal member of a splinter tribe had standing to represent the splinter tribe in the splinter tribe's recognition claims.

[17]   During oral argument before the USBC EDNY Posr referred to the Presidentially commissioned American Heritage Rivers and nothing whatsoever was heard to rebut the "governmental" implications of the governmental statements and representations to Western as a sovereign government from a sovereign government.

[18]   Ulster has in fact been aware of these executive letters since 2006 in <u>BGA v Ulster</u> County, 06 cv 95, USDC NDNY wherein Michael L. Lawson, Ph.D. submitted an Expert Report containing these letters, yet in six years Ulster has never, and does not now, challenge the authenticity of these executive letters and Ulster does not challenge the authority or accuracy of Holliday to state that executive recognition is non-reviewable by the courts.

[19]   Ulster cites local bankruptcy rule 9010-2 for the proposition that sovereign Indian Tribal governments do not possess the sovereign authority to choose its tribal-member as its legal representative. The choice of a sovereign government's legal representative also begins as a political question.

[20]   <u>Frass Survival Systems v Absentee Shawnee</u>, 817 F.Supp 7 (S.D.N.Y)(1993) speaks squarely to the issue of pro se representation of Indian Tribes:

> " The problem with (Ulster's) argument is that (Western) is not a corporation, partnership, or unincorporated association, but ....the....tribal government......A representative of a tribal government...has political authority to represent the interests of the group...Requiring outside counsel to present a government's case...would...second guess the status and operation of that government."

[21]   Frass Survival goes on to adopt the rule fashioned by Holliday stating:

" ...if (Western's) pro se conduct works any injustice to the interests of (Ulster) or the Court..." the court will reconsider its decision to permit pro se representation of (Western).

[22] Accordingly, Posr has standing to represent Western as a federal-government recognized Indian Tribe, just as Posr would have had standing to represent the Shawnee in Holliday.

[23] Western respectfully requests this Court to take Judicial Notice that Western has been recognized by the White House and the political departments of Defense, Army, and Interior, as well as two Senators and two Congressmen.

## USBC NDNY ERRED IN DEPRIVING WESTERN OF ITS POLITICAL AUTONOMY TO CHOOSE ITS LEGAL REPRESENTATIVE

[24] Prior to Western's initial appearance before the USBC NDNY, Western advised the USBC NDNY of Frass Survival Systems. After Posr quoted, during Western's initial appearance, from Holliday's statement that recognition is a political question and after Posr referred to one of those executive branch letters, on belief, Ray Clark's "government-to-government" letter, the USBC NDNY cited Frass' acknowledgment of the rule against pro se corporate appearances saying:

> "Two grounds for the rule can be identified: First, nonlawyers burden the system with poorly conducted proceedings..... [4] ."

[25] The USBC NDNY did not find that Posr brought pleadings that were awkwardly drafted, or motions that were inarticulately presented, or pleadings that were needlessly multiplicative, or that

---

[4] The second ground, that the interests of an association of individuals cannot be represented by any single member, was not used by the USBC NDNY to deny Western its choice of legal representative

Posr himself was ethically challenged and attempting to avoid litigating unfounded or vexatious claims.

[26] Far from attempting to avoid litigating an unfounded claim, during Western's initial appearance before the USBC NDNY, Posr attempted to litigate whether or not Acquisitions was a legitimate creditor since Mr. Nachamie, who appeared by phone, has never produced any written, verbal, or non-verbal authorization by Chief Judge Duberstein, Chief Roberts, or Western's trustee that authorized Mr. Nachamie to pay Neil's Mazel on behalf of Bernard Hudja, instead of on Western's behalf, at the second closing on 2001 Oct 16.

[27] In fact, during Western's appearance before the USBC EDNY on 2012 Nov 27 Posr directly asked Mr. Nachamie, who again appeared by phone; " Did Chief Roberts authorize you to pay Neil's Mazel on behalf of Bernard Hudja? [5] "

[28] Mr. Nachamie's response was: " He didn't object. ". Western is not attempting to prove here, in appeal, that Mr. Nachamie is not a legitimate creditor [6]. Western shows here that neither the USBC NDNY or EDNY found an attempt to avoid litigating an unfounded or vexatious claim.

[29] The USBC NDNY went on, without findings, to assume Posr as burdensome, and on that assumed basis, to disqualify Posr as Western's legal representative, even though Frass, as Holliday did, squarely invalidated "burdensome-ness" as a ground upon which to deny nonlawyer representation of Indian Tribes stating:

---

[5] The 2012 Nov 27 transcript of the USBC EDNY has been ordered and will be available around 2013 Jan 29

[6] Mr. Nachamie's response is obviously inadequate to justify

" But this (burdensome-ness) offers no basis for distinguishing between individuals and groups. Unless the Court was questioning the wisdom of (28 U.S.C.) § 1654; the distinction must rest on the second ground:..."

[30] To that second ground Frass cited <u>Oklahoma Tax Comm'n v Citizen Band Potawatomi Indian Tribe of Oklahoma</u>, 498 U.S. 505, 509 for the proposition that:

" The rule for representation of sovereigns should not be fashioned from an assumption that they will engage in vexatious and unethical manipulation of our legal system. [7] ".

[31] Frass, relying on Holliday, concludes the "burdensome" issue by stating:

" Corporations can be relieved of the duty to appear by attorney in appropriate economic circumstances, as *Holliday's* decision demonstrates.

[32] On these political grounds Western's bankruptcy case in the USBC NDNY should be remanded and reinstated for proceedings not inconsistent with Frass and Holliday or this court should reinstate Western's bankruptcy proceedings in the district court, until such time as the court might refer the case back to the USBC NDNY.

## COMMON LAW FEDERALLY RECOGNIZED INDIAN TRIBES
## DO NOT REQUIRE TAX IDENTIFICATION NUMBERS

## THE LACK OF NOTICE OF THE ILLINOIS BANKRUPTCY CASE WAS DUE TO A
## LICENSED ATTORNEY'S ERROR

---

[7] Frass at page 10

[33]  As Western explained to the court during Western's initial appearance before the USBC NDNY, Bernard Wiczer, the attorney for the investment firm whose money Mr. Nachamie converted without authority or notice, prepared the USBC NDNY bankruptcy application and directed Western to file the application as he sent it to Western. Western can not rightfully be held responsible for attorney error of this kind where Western voluntarily withdrew its bankruptcy case in Illinois and had no reason or advantage to consciously conceal the Illinois case.

## WESTERN HAS THE ABILITY TO REORGANIZE, OBTAIN INCOME AND EMPLOYEES WITHOUT SELLING ITS ASSETS AND CAN MEET ITS REAL PROPERTY OBLIGATIONS

[34]  On the strength of common law federal recognition as an Indian tribe, Western attracted the attention and solicitation from the AHG group, exhibits 10 -12. Due to the USBC NDNY failure to follow *Holliday*, acknowledge executive branch recognition and afford Western at least an opportunity to brief Western's Tribal status, the USBC NDNY deprived Western of the AHG group's practically immediate infusion of significant funds in the area of between fifty and one hundred million dollars.

[35]  By now AHG could have completed its eight week program and all legitimate creditors could have been paid.

In conclusion, because Western is entitled to this court's taking of Judicial Notice that the White House and other political departments of the executive branch of the federal government

have recognized their dealings with Western as "government-to-government" and because Western is entitled to have this court follow Holliday, Lenares, and Frass, which all rely on Holliday, and because Western's status as a Native American Tribal government would, in short order, enable Western to pay its legitimate creditors, Western respectfully requests this court to reinstate Western's application for bankruptcy protection and for all other relief this court deems just and proper.

_____  Dated: 2012 Dec 21
By; Posr A. Posr as the
Assistant Attorney General
of the Western Mohegan
Tribe and Nation of New York
1 Bayview Ave
Howard Beach, New York
11414
ph: 646 359 5663 - email: posrposr@gmail.com

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK | INDEX NO: 12 civ 1695<br>(REL)<br>Chapter 11 |
| In Re WESTERN MOHEGAN TRIBE<br>AND NATION OF NEW YORK<br><br>Debtor, | AFFIRMATION OF<br>SERVICE |

This is to certify, under penalty of perjury that I, Posr A. Posr, on 2012 Dec 26, served true and separate copies of a brief on appeal, a designation of items, and exhibits by placing said true copies in a pre-addressed, pre-stamped, and pre-sealed envelopes to [1] Todtman Nachamie Spizz & Johns, Attn: Barton Nachamie, 425 Park Avenue, 5th floor, New York, N.Y., 10022, [2] Office of the United States Trustee, Attn: Kevin Purcell, esq., 74 Chapel St., Albany, New York, and [3] Maynard O'Conner Smith, Attn: Justin W. Gray, esq., 6 Tower Place, Albany, New York, 12203.

_[signature]_
By; Posr A. Posr as the
Assistant Attorney General
of the Western Mohegan
Tribe and Nation of New York
1 Bayview Ave
Howard Beach, New York
11414
ph: 646 359 5663 - email: posrposr@gmail.com

Dated: 2012 Dec 26